JOHN LEWIS RINK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rink v. Commissioner
Docket No. 5397-89
United States Tax Court
T.C. Memo 1989-603; 1989 Tax Ct. Memo LEXIS 604; 58 T.C.M. (CCH) 629; T.C.M. (RIA) 89603; November 2, 1989
John Lewis Rink, pro se. Pamela Wilson, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A of the Code and Rule 180. [1] It is before the Court on respondent's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted. Hearing *605 was held in San Francisco, California, on September 25, 1989. Respondent determined a deficiency in petitioner's 1986 Federal income tax in the amount of $ 3,172, together with additions to tax [2] under section 6651(a) in the amount of $ 793, under section 6653(a)(1) in the amount of $ 158.60, under section 6653(a)(2) in the amount of 50 percent of the interest due on the underpayment, and under section 6654(a) in the amount of $ 153.30. Petitioner appeared at this hearing, representing himself. He complained that he had no funds to appoint counsel to represent him in this matter. Since petitioner was representing himself, the Court questioned him extensively in an effort to ascertain if he did in fact have a claim upon which relief might be afforded. The original petition contested the entire deficiency "due to the *606 fact that my desperate [sic] financial condition is due entirely to the illegal acts of the San Francisco divorce court." An attached letter set forth further complaints: Judge Isabella H. Grant of the San Francisco Superior Court took my young daughter from me without reason or justification; ie "no fault divorce". The taking of my daughter from me was then used to justify seizing my assets and forcing me into debt. The taking of my daughter from me against her will and the emotional abuse she has been subjected to as a result, has rendered me emotionally unable to work or function normally. What [J]udge Grant did was clearly unconstitutional and amounts to simple kidnap and extortion. My problems with the IRS are a direct result of the illegal acts of this judge. After respondent filed his motion to dismiss, we ordered petitioner to file an amended petition, which he did. The amendment to petition made the following allegations: The IRS is assessing me taxes which I cannot pay because of the illegal acts of others. The illegal acts were committed by the State of California with the collaboration of the IRS. This is so because the IRS demands under threat of jail *607 that the taxpayer provide the IRS complete information about the taxpayers finances. The IRS then provides this information to the state of California which then uses that information to seize a father's assets. In the state of California a man's children and assets are taken from him without reason and in a way contrary to the United States Constitution as well as the California State Constitution. This fact is well known to the IRS but the IRS without question collaborates with the state making the IRS a willing accessory to crime. The IRS forces fathers to give information to the IRS under threat of prison. The IRS then gives this information to the state of California. The State of California then uses that information to convict fathers of the "crime" of not paying child support, whether or not he is guilty. The IRS is in fact forcing fathers to provide information which the State of California uses against them in quasi criminal trials. This is in effect a violation of the Fifth Amendment right to not testify against oneself. Respondent's notice of deficiency was based upon his determination that petitioner failed to file an income tax return for 1986, that he received *608 $ 24 from U.S. Bank and $ 13,000 from Xintec Corp., all of which represented income to him, that petitioner was liable for self-employment tax, and lastly that he was liable under section 6651(a)(1) for failure to file a return, under section 6653(a) for negligence and under section 6654 for failure to pay estimated tax. At the hearing petitioner admitted that he had an account at U.S. Bank and that he had been a consultant to Xintec Corp. during 1986. He stated, variously, that he did not know whether he had filed his 1986 return; he had been too busy to file his return; because of his unsettled situation due to his divorce he did not know whether he had accurate reports of his income, and accordingly had not wanted to file a return which was incorrect. Petitioner analogized that his position was equivalent to that of a prisoner of war who did not have access to information necessary to file a return. Since petitioner was residing in San Francisco we do not find the prisoner of war analogy compelling. Petitioner complained about his bad financial situation and that he could not pay the tax deficiency. The Court explained that the function of hearing a petition in this Court *609 is to determine if there is a deficiency, not to determine if the Internal Revenue Service can collect on such deficiency. Despite our best efforts to ascertain if petitioner has a claim upon which relief can be afforded, it is clear that he does not. Respondent's motion to dismiss must be granted. Rule 34(b)(4) requires that a petition set forth "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability * * *. Any issue not raised in the assignment of errors shall be deemed to be conceded." Petitioner has failed to assign any error to respondent's determinations, either in the petition, amendment to the petition, or orally at the hearing. A complaint about inability to pay goes to the matter of collection, not to liability for the deficiency. Respondent's motion to dismiss for failure to state a claim is granted, and decision will be entered accordingly. An appropriate order and decision will be entered. Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, and in effect for the tax year at issue unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The correct statutory reference for additions to tax for the 1986 tax year are sections 6651(a)(1), 6653(a)(1)(A), and 6653(a)(1)(B).↩